UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:25-CR-27-KAC-DCP |
| ) | |
| TERRY CRAIG VENETZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Terry Craig Venetz's Second Motion to Continue Trial Date and All Related Deadlines [Doc. 32], filed on January 12, 2026.

Defendant asks the Court to continue the February 10, 2026 trial date and reset all related deadlines, including the January 12, 2026 plea deadline [*Id.* ¶¶ 1–2]. In support of his motion, Defendant states that in the fall of 2025, Defendant argued a Motion to Suppress before the undersigned [*Id.* ¶ 3]. The undersigned issued a Report and Recommendation on January 7, 2026 [*Id.* ¶ 4]. Defendant asserts that counsel needs time to file objections to the Report and Recommendations and to receive a ruling on his suppression motion from the District Judge [*Id.* ¶ 6]. Once the District Judge rules, the parties will need time to determine if a negotiated resolution is appropriate [*Id.* ¶ 6]. [*Id.*]. Defendant states he has been advised of his speedy trial rights and waives them in relation to this motion [*Id.* ¶ 9]. Finally, he represents that the Government does not object to this request [*Id.* ¶ 8].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). On September 19, 2025, Defendant filed a dispositive motion seeking to suppress evidence seized during a traffic stop. *See id*. § 3161(h)(1)(D). On October 29, 2025, the undersigned held a hearing on the motion, which involved the testimony of one witness and oral argument regarding three video recordings [*See* Doc. 28, Exhibit and Witness List]. The undersigned entered a Report and Recommendation on January 7, 2026 [Doc. 31]. Defendant filed objections on January 21, 2026 [Doc. 33], and the Government filed a notice of no objections the following day [Doc. 34]. The Government has time to respond to Defendant's objections, and thereafter, the District Judge will rule on the motion considering the report and recommendation and the parties' filings. *See id*. § 3161(h)(1)(D) & (h)(1)(H). After receiving the Court's ruling, the parties may need time to prepare for trial. The Court finds that all this cannot occur before the February 10, 2026 trial date.

The Court therefore **GRANTS** Defendant Terry Craig Venetz's Second Motion to Continue Trial Date and All Related Deadlines [**Doc. 32**]. After consulting with counsel for both parties, the trial of this case is reset to **April 14, 2026**. A new trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on January 12, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H, (h)(7)(A)–(B).

2

Case 3:25-cr-00027-KAC-DCP    Document 35    Filed 01/23/26    Page 2 of 3    PageID #: 134

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Terry Craig Venetz's Second Motion to Continue Trial Date and All Related Deadlines [**Doc. 32**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 14, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 12, 2026**, and the new trial date of **April 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 13, 2026**;

(5) the deadline for filing motions *in limine* is **March 30, 2026**, and responses to motions *in limine* are due on or before **April 7, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 31, 2026, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 3, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge